WILLIAM DEFFUR, JOSEPH DEFFUR AND PETER DEFFUR, PARTNERS, TRADING AS DEFFUR BROTHERS, PLAINTIFFS-RESPONDENTS, v. MICHAEL J. TANSEY, DEFENDANT-APPELLANT.

Submitted May term, 1927—Decided November 25, 1927.

**Contracts—Action for Balance Due for the Construction of Houses—Verdict for Plaintiff for a Little More Than Half of Claim—There was a Counter-claim for Delay in Completion—No Error Found in Any of the Charges of the Court and Judgment Affirmed.**

On appeal from Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the appellant, *Kraemer & Siegler.*

For the respondents, *M. Francis Keating.*

PER CURIAM.

This was an action for a balance claimed to be due for the construction of houses at Irvington. The defendant was the owner of ground on Sixteenth avenue, on which he wanted to have constructed two six-family houses, and he entered into a contract with the plaintiffs for their erection. The contract called for the completion of one on October 1st and the other on October 15th. The case went to the jury under

instructions which in part consisted of affirmance of certain requests submitted by the plaintiffs. There was a verdict for the plaintiffs for $1,800, being a little more than one-half of their claim. From the consequent judgment the defendant appeals, assigning as grounds for reversal that the trial judge erred in charging certain requests submitted by the plaintiffs.

The defense in the case consisted of a counter-claim for delay in completion, and for certain defects in performance of the contract.

The requests which were charged are as follows:

7. "An owner may waive the time for performance or extend it. Such waiver or extension may be express or implied. If you find that notwithstanding that the contract work was not done within the contract, and you also find that the defendant made a payment on account of the final payment called for by the architect's certificate on the house involved in plaintiffs' claim, which payment was made after the issuance of such certificate, you may find that the defendant waived performance within the contract time."

8. "If you find that there was an extension of time to perform, such extension fixing no time to perform, such extension was for a reasonable time."

16. "If you find that the alleged loss of rentals, claimed by defendant, may have been due to causes other than the acts or omissions of plaintiffs, in that case, such alleged loss of rentals is speculative, remote, and not proximately due to plaintiffs' alleged breach of contract, and defendant is not entitled to recover therefor."

17. "If you find that the completion of the buildings was delayed through the failure of Mr. Tansey to make timely payments according to the contract, then he cannot now complain of such delay, and recover damages therefor."

We fail to see whether there was error in any of these instructions. The first one required submission to the jury of the question of waiver based on the fact that the defendant made a payment on account of the final payment called for by the architect's certificate. Such payment constituted some

evidence from which the jury could infer waiver of completion within the period fixed by the contract. The remaining requests were sound and need no discussion.

The judgment is affirmed.